STEVEN M. WERNIKOFF (IL Bar No. 6226357)
Honigman LLP
321 N. Clark St., Suite 500
Chicago, IL  60654
Telephone: 312-701-9300
Email: swernikoff@honigman.com

*Attorney for Coulter Motor Company, LLC, et al.*

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission, *et al.*, | Case No. CV-24-02086-PHX-ROS |
| Plaintiffs, | |
| v. | **DEFENDANTS' UNOPPOSED MOTION TO AMEND STIPULATED ORDER FOR PERMANENT INJUNCTION** |
| Coulter Motor Company, LLC, *et al.*, | |
| Defendants. | |

Defendants Coulter Motor Company, LLC and Gregory DePaola ("Defendants"), by and through undersigned counsel and pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, hereby move the Court to amend the Stipulated Order for Permanent Injunction, Monetary Judgment, Civil Penalty Judgment, and Other Relief ("Consent Judgment"), which the Court adopted on September 19, 2024. Defendants seek to remove Section II.A of the Consent Judgment. This Motion is supported by the following Memorandum of Points and Authorities. Counsel for Plaintiffs Federal Trade Commission and the State of Arizona have been provided with a copy of this motion and the proposed order and have stated that the agencies do not oppose this motion and the relief sought by Defendants.

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    Relevant Background Information**

Defendant Coulter Motor Company operates the Coulter Cadillac Tempe and Tempe Buick GMC motor vehicle dealerships. Defendant Gregory Depaola was the general manager of the Coulter Tempe dealerships. On August 16, 2024, Defendants and Plaintiffs Federal Trade Commission ("FTC") and the State of Arizona filed an agreed motion to approve the Consent Judgment. On September 19, 2024, the Court adopted the Consent Judgment.

Section II.A of the Consent Judgment contains a provision requiring Defendants to disclose "the Offering Price," as defined by the Consent Judgment.[1] Specifically, the Consent Judgment, in relevant part, states:

> **II.    REQUIRED DISCLOSURES**
> **IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, and employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with advertising, marketing, promoting, offering for sale, lease, or financing, or selling, leasing, or financing motor vehicles, are permanently restrained and enjoined from failing to disclose Clearly and Conspicuously:
> A.    in any advertisement or communication that references, expressly or by implication, a specific vehicle or any monetary amount or financing term for any vehicle: the Offering Price. If the communication or response is in writing, the Offering Price must be disclosed in writing. Nothing in this provision, which contains language from the Final Rule, Combating Auto Retail Scams Trade Regulation Rule ("CARS Rule"), 89 Fed. Reg. 590-91 (Jan. 4, 2024) (to be codified at 16 C.F.R. pt. 463), shall

---

[1] "Offering Price" is defined in the Consent Judgement as "the full cash price for which a motor vehicle dealer will sell or finance a motor vehicle to any consumer, provided that the dealer may exclude only charges a Federal, State, or local government agency, unit, or department requires the consumer to pay."

prevent any party from moving to modify this provision pursuant to Federal Rule of Civil Procedure 60(b), such as in the event that the CARS Rule is modified prior to or after its effective date or does not go into effect. Nothing in the prior sentence shall limit the parties' right to contest such a motion, such as in the event they deem modification(s) to the CARS Rule insufficient to warrant modification of the Order[.]

As stated in Section II.A of the Consent Judgment, the language requiring disclosure of the Offering Price "contains language from the [CARS Rule]," which was a rule finalized by the FTC on December 12, 2023 that had an initial effective date of July 30, 2024.[2] On January 18, 2024, after two industry groups petitioned to overturn the rule, the FTC paused the effective date of the CARS Rule.[3] The FTC's legal pause to the CARS Rule was in place during the parties' negotiation of the Consent Judgment. Section II.A states that either party may "mov[e] to modify this provision pursuant to [Rule 60(b)] . . . in the event that the CARS Rule is modified prior to or after its effect date or does not go into effect."

On January 27, 2025, approximately four months after this Court adopted the Consent Judgment, the Fifth Circuit vacated the CARS Rule, including the Offering Price provision, on procedural grounds. *See National Automobile Dealers Association v. Federal Trade Commission*, 127 F.4th 549 (5th Cir. 2025).  The time for the FTC to appeal the Fifth Circuit's decision to the United States Supreme Court lapsed on April 28, 2025.

---

[2] *See* FTC Announces CARS Rule to Fight Scams in Vehicle Shopping, https://www.ftc.gov/news-events/news/press-releases/2023/12/ftc-announces-cars-rule-fight-scams-vehicle-shopping (Dec. 12, 2023).

[3] *See* "FTC Pauses CARS Rule Effective Date," https://www.ftc.gov/news-events/news/press-releases/2024/01/ftc-pauses-cars-rule-effective-date (Jan. 18, 2024).

## II.    <u>Defendants Are Entitled to Relief under Rule 60(b)(6)</u>

Rule 60(b) entitles the moving party to relief from judgment on several grounds, including "any . . . reason justifying relief from the operation of the judgment." *Fed. R. Civ. P.* 60(b)(6). A party seeking relief under Rule 60(b)(6) must do so "within a reasonable time," and must demonstrate "extraordinary circumstances." *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 393 (1993); *Bynoe v. Baca*, 966 F.3d 972, 979 (9th Cir. 2020). Rule 60(b)(6) should be "liberally applied . . . to accomplish justice[.]" *In re Int'l Fibercom, Inc.*, 503 F.3d 933, 941 (9th Cir. 2007).

Here, Defendants have demonstrated circumstances that warrant relief. First, Defendants have made the request within a reasonable time. Defendants' request stems from the vacation of the CARS Rule by the Fifth Circuit Court of Appeals on January 27, 2025. This request is being made soon after the time for the FTC to appeal the Fifth Circuit's ruling, which lapsed on April 28, 2025. Defendants' motion is being made within a reasonable time after the deadline to appeal the Fifth Circuit's ruling.

Second, extraordinary circumstances support Defendants' motion. "The proper interpretation of a consent decree ... is according to the principles of contract law of the state in which the decree is signed." *B2B CFO Partners, LLC v. Kaufman*, No. CV–09–2158–PHX–JAT, 2012 WL 1067904, at *3 (D. Ariz. Mar. 29, 2012) (citing *Gates v. Rowland*, 39 F.3d 1439, 1444 (9th Cir. 1994)). Under Arizona law, courts review contracts with the purpose of ascertaining and enforcing the parties' intent. *See ELM Retirement Ctr., LP v. Callaway*, 226 Ariz. 287, 290, 246 P.3d 938, 941 (Ariz. App. 2010). To determine the parties' intent, courts "look to the plain meaning of the words as viewed in the context

4

of the contract as a whole." *Id.* at 290–91, 246 P.3d at 942. Here, Section II.A of the Consent Judgment explicitly provides that the parties can "modify this provision pursuant to Federal Rule of Civil Procedure 60(b) . . . in the event that the CARS Rule is modified prior to or after its effective date or does not go into effect." That language communicated that the parties agreed to revisit Section II.A with a motion under Rule 60(b) if the CARS Rule was modified, which occurred when the Fifth Circuit vacated the rule.

Unless Section II.A of the Consent Judgment is removed, Defendants will be placed at a competitive disadvantage in the market by being required to comply with a disclosure mandate contained in the CARS Rule that was vacated. Particularly, Section II.A, as presently written with language drawn from the CARS Rule, requires Defendants to make specific written disclosures of the "Offering Price" that would have been mandated by the CARS Rule. In light of the vacation of the rule, other car dealerships will not be required to make the disclosures, which will put Defendants at a market detriment. This result can be avoided by removing Section II.A of Consent Judgment.

On May 7, 2025, counsel for Defendants provided this motion to counsel for the FTC and the State of Arizona, as well as the proposed order striking Section II.A from the Consent Decree. Based on the specific circumstances of this case, counsel for the FTC and the State of Arizona have informed counsel for Defendants that their offices will not oppose this motion.

## III.    Conclusion

For the foregoing reasons, Defendants request that the Court amend the Consent Judgment to remove Section II.A by entering the proposed order filed contemporaneously with this motion.

Dated: August 7, 2025                              Respectfully submitted,



Steven M. Wernikoff
HONIGMAN LLP
321 N. Clark St., Suite 500
Chicago, IL 60654
Telephone: (312) 701-9300
Email: swernikoff@honigman.com

*Attorney for Defendants Coulter Motor Company, LLC and Gregory Depaola*

6

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2025, a true and correct copy of **Defendants' Unopposed Motion to Amend Stipulated Order for Permanent Injunction** was filed electronically with the United States District Court for the District of Arizona using the CM/ECF System, which sent notification to all parties of interest participating in the CM/ECF system.

*/s/ Steven Wernikoff*
Attorney for Defendants